UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEFFREY B. REIFMAN, et al.,

              Plaintiffs,

    -against-

CANARY CONNECT, INC.,

              Defendant.

**ORDER**

18 Civ. 11365 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

       At the April 17, 2019 conference, Plaintiffs requested thirty days for discovery to determine whether Plaintiffs had entered binding arbitration agreements with Defendant. Defendant opposed, arguing that "discovery is supposed to be addressed in the arbitration." (4/17/2019 Tr. (Dkt. No. 32) at 7:9-10)  The Court allowed Defendant to brief the issue. (Id. at 9:14-23)  Defendant's letter-brief provides no authority for the proposition that discovery on this issue is only addressed in arbitration. (See Def. Ltr. (Dkt. No. 34))  Indeed, Plaintiffs have cited a wealth of authority showing that, when there is a factual dispute about contract formation, discovery must be allowed before a motion to compel arbitration may be decided. See, e.g., Telenor Mobile Commc'ns AS v. Storm LLC, 584 F.3d 396, 406 (2d Cir. 2009) (noting that "questions about whether a contract was ever made . . . are presumptively to be decided by the court"); Pennacchio v. Powers, No. 05 Civ. 985 (RRM) (RML), 2010 WL 3767141, at *8 (E.D.N.Y. Aug. 9, 2010) (holding that "the court cannot refer the question of contract formation to an arbitrator" and so "the parties [must] proceed to engage in discovery on the issue of contract formation"), adopted by, 2010 WL 3744052 (E.D.N.Y. Sept. 20, 2010); MacSteel Int'l

USA Corp. v. M/V JAG RANI, No. 02 Civ. 7436 (JGK), 2003 WL 22241785, at *4-5 (S.D.N.Y. Sept. 30, 2003) (holding that additional discovery was needed "in order to determine whether there is a valid arbitration agreement"); Dun Shipping Ltd. v. Amerada Hess Shipping Corp., 234 F. Supp. 2d 291, 296 (S.D.N.Y. 2002) (holding that additional discovery was necessary to determine if defendant "should be bound by [the] arbitration provision"); see also Hudson v. Babilonio, No. 3:14 Civ. 1646 (MPS), 2015 WL 1780879, at *2 (D. Conn. Apr. 20, 2015) (holding that plaintiffs "are entitled to an opportunity to conduct discovery on" the issue of contract formation before the court decided defendants' motion to compel arbitration). Accordingly, the Court grants Plaintiffs' request for sixty (60) days of discovery on whether Plaintiffs have entered a binding arbitration agreement with Defendant.

The parties are directed to conduct such discovery between the date of this Order and July 8, 2019.

Further, it is hereby ORDERED that the following schedule will apply to Defendant's motion to compel arbitration once the discovery discussed above is complete:

1. Defendant's motion is due on **July 22, 2019**;
2. Plaintiffs' opposition papers are due on **August 5, 2019**;
3. Defendant's reply, if any, is due on **August 12, 2019**.

Dated: New York, New York
May 7, 2019

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge